UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| HUGO OLVERA LEAL, | ) |
| Plaintiff | ) ) ) |
| vs. | ) ) CAUSE NO. 3:06-CV-340RM |
| AMPARO CID PEREZ, | ) ) ) |
| Defendant | ) ) |

## OPINION and ORDER

Hugo Olvera Leal files a petition for the return of his children under the International Child Abduction Remedies Act, 42 U.S.C. § 11601 *et seq.*, alleging his wife, Amparo Cid Perez, wrongfully removed their children from Mexico to the Northern District of Indiana. Along with his petition, Mr. Leal also files a "Motion for Temporary Restraining Order" and an "Ex Parte Motion for Emergency Order to Restrict and Monitor Defendant's Movement."

Section 11604 of the International Child Abduction Remedies Act provides in relevant part:

> [A]ny court exercising jurisdiction of an action brought under [this act] may take or cause to be taken measures under Federal or State law, as appropriate, to protect the well-being of the child involved or to prevent the child's further removal or concealment before the final disposition of the petition.

Mr. Leal doesn't cite to any federal or state law under which he moves, but both motions request that the court temporally restrain the defendant's movements without notice until a decision can be made on the merits of his petition. The

motions fall within the district court's power to issue a temporary restraining order under Federal Rule of Civil Procedure 65(b).  *See e.g.* Morgan v. Morgan, 289 F. Supp.2d 1067, 1069 (N.D. Iowa 2003); Application of McCullough on Behalf of McCullough, 4 F. Supp.2d 411, 415 (W.D. Pa. 1998).

Still, "[a] temporary restraining order may granted without written or oral notice to the adverse party or that party's attorney only if [ ] it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant …" Fed. R. Civ. P. 65(b).  Mr. Leal's motions aren't supported by affidavit, nor are they verified as contemplated by the federal rules of procedure. *See* 28 U.S.C. § 1746. To the extent Mr. Leal doesn't confirm the veracity of the matters stated therein, the motions [Doc Nos. 4 and 5] are DENIED WITHOUT PREJUDICE.

SO ORDERED.

Entered:  June 2, 2006

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc: S. Drendall

2